**In re Joseph SLOMNICKI, Debtor.**

**Edward Drudy and Albert Kirsch, Movants,**

**v.**

**Joseph Slomnicki, Respondent.**

**Bankruptcy No. 97–25391–MBM.**
**Adversary No. 97–2494.**

United States Bankruptcy Court,
W.D. Pennsylvania,
Pittsburgh Division.

Jan. 5, 2000.

Kenneth Steidl, Steidl & Steinberg, Pittsburgh, PA, for debtor.

James A. Prostko, Pittsburgh, PA, trustee.

### MEMORANDUM AND ORDER OF COURT

M. BRUCE McCULLOUGH, Bankruptcy Judge.

**AND NOW,** this **5th day** of **January, 2000,** upon consideration of (a) the motion by Edward Drudy and Albert Kirsch

(hereafter "Drudy" and "Kirsch") for relief from stay so that they can proceed to execute upon their judgment liens against the above-captioned debtor (Motion No. 99–3081M), which motion was filed with the Court on July 1, 1999, and (b) the debtor's objection to the aforesaid motion for relief from stay, which objection was filed with the Court on July 23, 1999, wherein the debtor, *inter alia,* suggests that the Court first determine whether the underlying judgment claims of Drudy and Kirsch are nondischargeable before ascertaining whether stay relief is appropriate; and in light of the Court's July 8, 1999 Order of Court in Adversary Proceeding No. 97–2494, wherein the Court declared that the underlying judgment claims of Drudy and Kirsch, which claims total $675,000, are nondischargeable pursuant to 11 U.S.C. § 523(a)(6) (hereafter the "July 8, 1999 Order of Court"); and subsequent to notice and hearings held on July 27, 1999, August 10, 1999, and November 23, 1999, at which time the debtor's present counsel (a) represented to the Court that the debtor did not authorize his previous counsel to consent to the Court's entry of the July 8, 1999 Order of Court, and (b) requested relief from the July 8, 1999 Order of Court so that the debtor could further litigate the nondischargeability complaint of Drudy and Kirsch, it is **hereby ORDERED, ADJUDGED, AND DECREED** that (a) the oral request by the debtor's present counsel for relief from the July 8, 1999 Order of Court shall henceforth be treated as a **MOTION FOR RECONSIDERATION** of said order or, more accurately, a motion for relief from said order under Fed.R.Civ.P. 60(b)(1) or (6), (b) said motion for relief under Fed. R.Civ.P. 60(b)(1) or (6) is **DENIED WITH PREJUDICE** because, with respect to Adversary Proceeding No. 97–2494, wherein the July 8, 1999 Order of Court was entered, (i) the debtor is collaterally estopped from denying that, or otherwise litigating whether, the underlying state court judgments in favor of Drudy and Kirsch were rendered in response to harm

which the debtor willfully and maliciously inflicted upon Drudy and Kirsch within the meaning of § 523(a)(6), (ii) the underlying judgment claims of Drudy and Kirsch thus represent claims against the debtor for willful and malicious injury, which claims must be declared nondischargeable pursuant to § 523(a)(6) even if the Court were to grant to the debtor relief under Fed. R.Civ.P. 60(b)(1) or (6), and (iii) grounds for the granting to the debtor of relief under Fed.R.Civ.P. 60(b)(1) or (6) do not exist in any event, (c) the July 8, 1999 Order of Court consequently shall **NOT BE DISTURBED,** and (d) the motion for relief from stay by Drudy and Kirsch shall be **DENIED AS MOOT** given that the automatic stay imposed in the instant case terminated on July 14, 1999, thereby rendering unnecessary at this time any grant of stay relief. The rationale for the Court's decision follows.

### I.

The Court shall henceforth treat the oral request by the debtor's present counsel for relief from the July 8, 1999 Order of Court as a motion for reconsideration of said order or, more accurately, a motion for relief from said order because said counsel, in addition to orally advancing a ground for such relief, also suggests, in the debtor's objection to the motion for relief from stay by Drudy and Kirsch, that the Court first determine whether the underlying judgment claims of Drudy and Kirsch are nondischargeable before ascertaining whether stay relief is appropriate. The Court cannot treat said motion for relief from the July 8, 1999 Order of Court as one brought under Fed.R.Civ.P. 59(e) because (a) a motion for reconsideration of an order under Fed.R.Civ.P. 59(e), which rule is made applicable to bankruptcy adversary proceedings, *see* Fed.R.Bankr.P. 9023, 11 U.S.C.A. (West 1984), "shall be filed no later than 10 days after entry of the judgment [sought to be reconsidered]," Fed.R.Civ.P. 59(e), 28 U.S.C.A. (West 1998), and (b) said motion cannot be con-

sidered to have been brought within ten (10) days of July 8, 1999, given that the debtor's present counsel (i) filed the debtor's objection to the stay relief motion by Drudy and Kirsch on July 23, 1999, which date is fifteen (15) days after July 8, 1999, and (ii) did not orally request relief from the July 8, 1999 Order of Court until July 27, 1999, which date is nineteen (19) days subsequent to July 8, 1999. Therefore, the Court shall treat the instant motion for relief from the July 8, 1999 Order of Court as having been brought under Fed. R.Civ.P. 60(b)(1) or (6), which is appropriate since (a) Fed.R.Civ.P. 60 is made applicable to bankruptcy adversary proceedings, see Fed.R.Bankr.P. 9024, 11 U.S.C.A. (West 1999), (b) a motion under Fed. R.Civ.P. 60(b)(1) may reasonably be brought within one year after the entry of a judgment that is sought to be reconsidered, see Fed.R.Civ.P. 60(b), 28 U.S.C.A. (West 1992), and (c) a motion under Fed. R.Civ.P. 60(b)(6) may reasonably be brought at any time after the entry of such a judgment. See Id.

## II.

The oral request by the debtor's present counsel for relief from the July 8, 1999 Order of Court, now characterized as a motion for relief from said order under Fed.R.Civ.P. 60(b)(1) or (6), must be denied if for no other reason than that, with respect to Adversary Proceeding No. 97–2494, wherein the July 8, 1999 Order of Court was entered, (a) the debtor is collaterally estopped from denying that, or otherwise litigating whether, the underlying state court judgments in favor of Drudy

and Kirsch were rendered in response to harm which the debtor willfully and maliciously inflicted upon Drudy and Kirsch within the meaning of § 523(a)(6), and (b) the underlying judgment claims of Drudy and Kirsch thus represent claims against the debtor for willful and malicious injury, which claims must be declared nondischargeable pursuant to § 523(a)(6) even if the Court were to grant to the debtor relief under Fed.R.Civ.P. 60(b)(1) or (6). The rationale for the Court's preceding collateral estoppel holding follows.

 The necessary elements for the application of collateral estoppel, at least under federal law, are

1) The issue sought to be precluded must be the same as that involved in the prior action;

2) The issue must have been actually litigated;

3) It must have been determined by a valid and final judgment; and

4) The determination must have been essential to the final judgment.

B. Russell, *Bankruptcy Evidence Manual*, § 30 at 78 (West 1999) (citing, *inter alia*, *Matter of Ross*, 602 F.2d 604, 608 (3rd Cir.1979)). The Court's collateral estoppel holding is valid, therefore, if the relevant issue in Adversary Proceeding No. 97–2494—to wit whether the underlying state court judgments in favor of Drudy and Kirsch were rendered because the debtor had, within the meaning of § 523(a)(6), willfully and maliciously harmed Drudy and Kirsch—was (a) involved in the state court trial that resulted in the aforesaid judgments,[1] (b) actually litigated in the

---

1. A practical impact of the collateral estoppel requirement that the issue sought to be precluded be the same as that involved in the prior action is that the same legal standard that must be utilized in the present action also must have been utilized in the prior action. See, e.g., *In re Supple*, 14 B.R. 898, 904–05 (Bankr.D.Conn.1981). This particular subrequirement is met with respect to the instant matter because (a) Drudy and Kirsch, in order to prevail on their cause of action under § 523(a)(6), only need to establish the requi-

site intent and malice on the debtor's part by a preponderance of the evidence, see 4 *Collier on Bankruptcy* ¶ 523.04 at 523–20 (Bender 1999) (citing *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)), and (b) Drudy and Kirsch also needed to carry their requisite burden of proof at the state court level with respect to their underlying action against the debtor for wrongful use of civil proceedings "by a fair preponderance of the evidence." See State Court Trial Trans., at p. 484.

aforesaid state court trial, (c) resolved as a result of said judgments, and (d) an element of Drudy's and Kirsch's state court cause of action against the debtor such that the determination of said issue was essential to their judgments against the debtor.

 A nondischargeable debt under § 523(a)(6) is one that was incurred by the debtor as a result of "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C.A. § 523(a)(6) (West 1993). "The word 'willful' in [§ 523](a)(6) modifies the word 'injury,' indicating that nondischargeability [under § 523(a)(6)] takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger,* 523 U.S. 57, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998). An injury is deliberate or intentional "if the actor purposefully inflicted the injury or acted with [knowledge that there was] substantial certainty that injury would result." *In re Conte,* 33 F.3d 303, 305 & 307–09 (3rd Cir.1994); *Geiger v. Kawaauhau (In re Geiger),* 113 F.3d 848, 852–54 (8th Cir.1997), *aff'd,* 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998); *In re Slosberg,* 225 B.R. 9, 18–19 (Bankr.D.Me.

1998) (citing, at n. 12, *State of Texas v. Walker,* 142 F.3d 813, 823–24 (5th Cir. 1998); *In re Kidd,* 219 B.R. 278, 285 (Bankr.D.Mont.1998); *In re Dziuk,* 218 B.R. 485, 487 (Bankr.D.Minn.1998)); *In re Grover Hughes Phillippi,* Bankr.No. 98–21819–MBM, Adv. No. 98–2256–MBM (Bankr.W.D.Pa.7/20/99), at 7–11 & n. 4.[2] "An injury to an entity or property may be a malicious injury within … [§ 523(a)(6)] if it [—or more accurately, the tortious act of a debtor which resulted in said injury—] was wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will." 4 *Collier on Bankruptcy* ¶ 523.12[1] at 523–91; *see also In re Braen,* 900 F.2d 621, 626 n. 4 (3rd Cir.1990) (using the same quotation from *Collier* in defining "malicious injury"); *Phillippi,* Bankr.No. 98–21819–MBM, Adv. No. 98–2256–MBM, at 6 (same); *Slosberg,* 225 B.R. at 21–22 ("A showing of malice requires a showing that the debtor's willful, injurious conduct was undertaken without just cause or excuse").

The Third Circuit has held on two separate occasions that a judgment against a debtor based upon a New Jersey cause of action for malicious prosecution (a) collaterally estops said debtor, in a subsequent

---

**2.** The Court concludes that the Third Circuit's holding in *Conte* that an injury is deliberate or intentional if an actor acts with knowledge that there is substantial certainty that injury will result remains good law notwithstanding that it was decided prior to the U.S. Supreme Court's decision in *Kawaauhau.* The Court can conclude as much because "the [*Kawaauhau* ] Court did not define the precise state of mind required to satisfy the 'willful and malicious' standard," 4 *Collier on Bankruptcy* ¶ 523.12[1] at 523–92.1 (Bender 1999), which means that the preceding holding in *Conte* is thus neither overruled by, nor inconsistent with, the Supreme Court's decision in *Kawaauhau.* Furthermore, the Supreme Court in *Kawaauhau* expressly affirmed the decision of the Eighth Circuit in the same case, *see Kawaauhau,* 118 S.Ct. at 976 & 978, and the Eighth Circuit held that

a judgment debt cannot be exempt from discharge in bankruptcy [under § 523(a)(6)] unless it is based on what the law has for generations called an intentional tort, a legal category that is based on "the conse-

quences of an act rather than the act itself." Unless the actor "desires to cause consequences of his act, *or … believes that the consequences are substantially certain to result from it,*" he or she has not committed an intentional tort.

*Geiger,* 113 F.3d at 852 (citations omitted) (emphasis added). Therefore, one can properly conclude that the Supreme Court in *Kawaauhau* indirectly held that an injury is deliberate or intentional if an actor acts with knowledge that there is substantial certainty that injury will result. Finally, "[t]he Court's citation with approval of *McIntyre v. Kavanaugh,* [242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205 (1916),] suggests that [(a)] a specific intent to injure is not necessary," 4 *Collier on Bankruptcy* ¶ 523.12[1] at 523–92.1, and (b) an intentional injury is evidenced if an act is taken with knowledge that it will necessarily cause injury. *See Id.; see also Phillippi,* Bankr.No. 98–21819–MBM, Adv. No. 98–2256–MBM, at 7–11 & n. 4 (discussion of the issues dealt with in this footnote).

§ 523(a)(6) nondischargeability proceeding, from denying that, or otherwise litigating whether, said judgment was rendered in response to harm which the debtor willfully and maliciously inflicted upon the judgment creditor within the meaning of § 523(a)(6), *see In re Wilson*, 116 F.3d 87, 89–90 (3rd Cir.1997); *Braen*, 900 F.2d at 623 & 630, and (b) is thus nondischargeable as a matter of law under § 523(a)(6). *See Wilson*, 116 F.3d at 90; *Braen*, 900 F.2d at 630. The Third Circuit's collateral estoppel holdings in *Wilson* and *Braen* followed because (a) "[necessary state court] jury findings that . . . [a] defendant was responsible for bringing . . . [a] prosecution against . . . [a] plaintiff without probable cause . . . [are] sufficient to preclude . . . [said] defendant from claiming[, in a subsequent § 523(a)(6) nondischargeability adversary proceeding where said defendant is now a debtor,] that there was not substantial certainty[, or that said debtor defendant did not know that there was substantial certainty,] that his [or her] actions would cause injury," *Conte*, 33 F.3d at 309 n. 3 (discussing decision in *Braen* ), (b) such actions by said debtor defendant with knowledge of said substantial certainty serves to satisfy the willfulness prong of § 523(a)(6), *see Id.*, (c) a necessary element for a New Jersey claim of malicious prosecution is "a finding that . . . [a defendant] 'was activated by a malicious motive in prosecuting the criminal complaint,'" *Wilson*, 116 F.3d at 89 (citing *Braen*, 900 F.2d at 623), (d) necessary state court jury findings that a defendant was activated by a malicious motive in prosecuting a criminal complaint is sufficient to preclude said defendant from claiming, in a subsequent § 523(a)(6) nondischargeability proceeding where said defendant is now a debtor, that he or she lacked such malice, *see Wilson*, 116 F.3d at 89–90; *Braen*, 900 F.2d at 626–28, and (e) such malice on the part of said debtor defendant serves to satisfy the malice prong of § 523(a)(6). *See Wilson*, 116 F.3d at 89–90; *Braen*, 900 F.2d at 626–28.

The basis for Drudy's and Kirsch's state court action against the debtor for which Drudy and Kirsch received their aforesaid judgments was a Pennsylvania cause of action for wrongful use of civil proceedings by the debtor against Drudy and Kirsch. The judge presiding over said state court action instructed the state court jury on the tort of wrongful use of civil proceedings as follows:

A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings if, one, *he acts without probable cause and primarily for a purpose other than that of securing the proper adjudication of the claim in which . . . [said] proceedings are based;* and, two, the proceedings have terminated in favor of the person against whom they were brought.[3]

42 Pa.C.S.A. § 8351(a) (Purdon's 1998) (emphasis added). As evidenced by that part of the state court judge's jury instruction reprinted above, the instruction regarding the elements of the tort of wrongful use of civil proceedings differs somewhat from the elements set forth in § 8351(a). In particular, the state court judge instructed the jury that the instant debtor needed to act without probable cause in order for the debtor to be held liable for wrongful use of civil proceedings. The state court judge, for whatever reason, did not instruct the jury that it could also find against the debtor merely because the debtor acted in a grossly negligent manner notwithstanding that § 8351(a)(1) provides for liability in the event that a wrongdoer acts in a grossly negligent manner.

---

3. The tort of wrongful use of civil proceedings was codified in 1980 at 42 Pa.Cons.Stat.Ann. § 8351, which section provides, in pertinent part, that:

A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings [if]:

(1) He acts in a *grossly negligent manner or without probable cause* and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

State Court Trial Trans., at pp. 479–80 (emphasis added). Because the state court judge so instructed the jury, the jury, by rendering a verdict that the debtor was liable to Drudy and Kirsch for a wrongful use of civil proceedings, necessarily found that the debtor had procured, initiated, or continued a civil proceeding against Drudy and Kirsch (a) without probable cause,[4] and (b) primarily for a purpose other than that of securing the proper adjudication of the claim in which said proceeding was based.

■ The Court must conclude for several reasons that the issue of whether the instant debtor had, within the meaning of § 523(a)(6), willfully harmed Drudy and Kirsch, was involved in, as well as actually litigated in, the state court trial that resulted in the aforesaid judgments in favor of Drudy and Kirsch. The preceding conclusion follows, as an initial matter, because (a) the jury in said trial found that the debtor had procured, initiated, or continued a civil proceeding against Drudy and Kirsch without probable cause, see supra pp. 650–651, (b) said jury finding equates with a finding that the debtor acted with knowledge that there was substantial certainty that his actions would cause injury to Drudy and Kirsch, see supra pp. 649–650 (same holding with respect to wrongful use of criminal proceedings, or malicious prosecution, in Wilson and Braen), and (c) such action with knowledge of said substantial certainty by the debtor serves to satisfy the willfulness prong of § 523(a)(6). See supra pp. 649 & 650. Second, that a judgment based upon a New Jersey cause of action for malicious prosecution has collateral estoppel effect in a subsequent § 523(a)(6) nondischargeability proceeding with respect to the issue of a debtor's willfulness, see supra pp. 649–650 (citing Wilson and Braen), causes the Court to hold that judgments predicated upon a Pennsylvania cause of action for wrongful use of civil proceedings also have similar collateral estoppel effect given that, in the Court's view, (a) the only apparent difference between the two torts, to wit that one involves the wrongful use of a criminal proceeding (i.e., malicious prosecution) while the other revolves around the wrongful use of civil proceedings, is insignificant for purposes of a § 523(a)(6) analysis, and (b) the two torts are substantially similar in all respects that are significant for purposes of § 523(a)(6).

■ Third, the Court is aware, as no doubt the debtor is also, that the state court judge instructed the jury that (a) it could assess punitive damages against the debtor if it found his conduct to have been outrageous, see State Court Trial Trans., at p. 483, and (b) "[a] person's conduct is outrageous when he acts with a bad motive or when he acts *with reckless indifference* to the interest of others." State Court Trial Trans., at pp. 483–84 (emphasis added). The Court presumes that the debtor contends that (a) this particular portion of the state court judge's instructions evidences that the jury perhaps may have ultimately imposed punitive damages upon the debtor via its verdict only because the jury found that his actions were merely reckless rather than willful, as the term "willful" is defined within the meaning of § 523(a)(6), and (b) said verdict for punitive damages thus cannot collaterally estop the debtor from denying that he did not, within the meaning of § 523(a)(6), willfully injure Drudy and Kirsch. The Court must reject any such argument by the debtor, however, because (a) "[a]s on all occasions when we interpret jury in-

4. As noted in the preceding footnote, the state court judge instructed the jury that it could hold the instant debtor liable for wrongful use of civil proceedings only if the debtor acted without probable cause notwithstanding that § 8351(a)(1) provides that such liability could also have been premised upon grossly negli-gent action by the debtor. Because the state court judge so instructed the jury, and since the jury rendered a verdict against the debtor for wrongful use of civil proceedings, the jury necessarily had to find that the debtor acted without probable cause rather than merely in a grossly negligent manner.

structions, we consider the totality of the instructions and not a particular sentence or paragraph in isolation," *Braen,* 900 F.2d at 626, (b) the portion of the jury instructions just referred to only pertains to the issue of punitive damages and not the debtor's liability for the underlying tort of wrongful use of civil proceedings, and (c) the jury, as set forth above, in consideration of the state court judge's other instruction with respect to the debtor's liability for the underlying tort—i.e., that the debtor could not be found to have wrongfully used civil proceedings unless he pursued such proceedings without probable cause—necessarily determined, given that the jury ultimately found the debtor liable for the underlying tort, that the debtor had (i) acted without probable cause, *see supra* pp. 650–651, (ii) acted with knowledge that there was substantial certainty that his actions would cause injury to Drudy and Kirsch, *see supra* p. 651, and (iii) willfully injured Drudy and Kirsch within the meaning of § 523(a)(6). *See supra* p. 651. The Court can also reconcile the two jury instructions to which were just referred, the jury's verdict that the debtor wrongfully used civil proceedings, and the jury's imposition of punitive damages as follows:

(a) The state court judge did not instruct the jury that it could hold the instant debtor liable for wrongful use of civil proceedings if the debtor's actions were grossly negligent notwithstanding that § 8351(a)(1) provides that such liability could have been premised upon grossly negligent action by the debtor. *See supra* pp. 650–651.

(b) Gross negligence is defined, *inter alia,* as (i) "[t]he intentional failure to perform a manifest duty in *reckless disregard* of the consequences ... [to] another[, and (ii) action that] ... falls short of being [in] *such reckless disregard* of probable consequences *as is equivalent to a wilful and intentional wrong.*" Black's Law Dictionary 1033 (6th ed.1990) (emphasis added). Therefore, "gross negligence" is synonymous with "reckless disregard," "reckless indifference," or "recklessness."

(c) Because the state court jury found the debtor liable for wrongful use of civil proceedings, and since the jury could not have found him liable if he merely acted with gross negligence or reckless indifference, the jury, so as to have been in compliance with the state court judge's instructions regarding punitive damages, must have imposed punitive damages because it found that the debtor acted with a bad motive. Moreover, that the jury found that the debtor acted with a bad motive follows because (i) the jury, in order to find the debtor liable for wrongful use of civil proceedings, also needed to find that the debtor acted primarily for a purpose other than that of securing the adjudication of the claim in which said civil proceedings were based, *see supra* pp. 650–651, and (ii) the pursuit of a civil proceeding for such an improper purpose, as set forth below, equates with action taken with a "malicious motive," *see infra* pp. 653–654, which means that a finding that the debtor acted for an improper purpose is tantamount to a finding that the debtor acted with a bad motive.

Therefore, the substance of the state court judge's jury instruction regarding punitive damages does not, in any way, impair the Court's holding that the issue of whether the debtor had, within the meaning of § 523(a)(6), willfully harmed Drudy and Kirsch, was actually litigated in the state court trial that resulted in Drudy's and Kirsch's underlying judgments.

Finally, the issue of whether the debtor procured, initiated, or continued a civil proceeding against Drudy and Kirsch without probable cause, which issue is dispositive of whether the debtor had, within the meaning of § 523(a)(6), willfully harmed Drudy and Kirsch, *see supra* p. 651, was resolved as a result of the aforesaid judgments in favor of Drudy and Kirsch, and the resolution of said issue was

essential to said judgments. *See supra* pp. 650–651. Therefore, the debtor is collaterally estopped from denying that, or otherwise litigating whether, the underlying state court judgments in favor of Drudy and Kirsch were rendered in response to harm which the debtor willfully inflicted upon Drudy and Kirsch within the meaning of § 523(a)(6).

■ The Court must also conclude for several reasons that the issue of whether· the debtor had, within the meaning of § 523(a)(6), maliciously harmed Drudy and Kirsch, was involved in, as well as actually litigated in, the state court trial that resulted in the aforesaid judgments in favor of Drudy and Kirsch. The preceding conclusion follows, as an initial matter, because (a) the jury in said trial found that the debtor had procured, initiated, or continued a civil proceeding against Drudy and Kirsch primarily for a purpose other than that of securing the proper adjudication of the claim in which said proceeding was based, *see supra* pp. 650–651, (b) the procurement, initiation, or continuation of a civil proceeding primarily for a purpose other than that of securing the proper adjudication of the claim in which said proceeding was based is necessarily, indeed cannot be anything other than, wrongful and without just cause or excuse, particularly given that a finding that civil proceedings were pursued for an improper purpose, in part, supports a conclusion that civil proceedings have been *wrongfully* used, and (c) injury resulting from action taken by the debtor that is wrongful and without just cause or excuse constitutes malicious injury within the meaning of § 523(a)(6). *See supra* pp. 649–650. Second, that a judgment based upon a New Jersey cause of action for malicious prosecution has collateral estoppel effect in a subsequent § 523(a)(6) nondischargeability proceeding with respect to the issue of a debtor's malice, *see supra* pp. 649–650 (citing *Wilson* and *Braen* ), causes the Court to hold that judgments predicated upon a Pennsylvania cause of action for

wrongful use of civil proceedings also have similar collateral estoppel effect given that, in the Court's view, (a) the only primary difference between the two torts, to wit that one involves the wrongful use of a criminal proceeding (i.e., malicious prosecution) while the other revolves around the wrongful use of civil proceedings, is insignificant for purposes of a § 523(a)(6) analysis, and (b) the two torts are substantially similar in all respects that are significant for purposes of § 523(a)(6).

■ Third, the Court notes that the tort for wrongful use of civil proceedings in Pennsylvania (a) was said to arise, pursuant to the common law, " 'when a party institutes a lawsuit *with a malicious motive* and lacking probable cause,' " *Rosen v. American Bank of Rolla,* 426 Pa.Super. 376, 627 A.2d 190, 191 (1993) (quoting from *Shaffer v. Stewart,* 326 Pa.Super. 135, 473 A.2d 1017, 1019 (1984)) (emphasis added); *see also Korn v. Epstein,* 727 A.2d 1130, 1133 (Pa.Super.1999) (same); *Hart v. O'Malley,* 436 Pa.Super. 151, 647 A.2d 542, 546 (1994) (same), and (b) has subsequently been codified with the "malicious motive" prong of said tort having been replaced by the requirement that proceedings have been procured, initiated, or continued "primarily for a purpose other than that of securing the proper ... adjudication of the claim in which the proceedings are based." *See* 42 Pa.C.S.A. § 8351(a)(1); *Rosen,* 627 A.2d at 191–92; *Korn,* 727 A.2d at 1133; *Hart,* 647 A.2d at 546–47. At least one court has held, and this Court is thoroughly persuaded, that the common law "malicious motive" prong is equivalent to the aforesaid statutory requirement (i.e., that proceedings have been procured, initiated, or continued primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based). *See Rosen,* 627 A.2d at 193 (holding in 1993, which is well after the December 19, 1980 enactment of § 8351, that "[t]he essence of the tort of wrongful use of civil proceedings is the institution of a civil action for a *malicious*

*purpose* and without probable cause"). Therefore, the Court concludes, as a matter of law, that a factual finding that the aforesaid statutory requirement has been met is tantamount to a finding that malice exists. Of course, a finding at the state court level that the instant debtor acted with a malicious motive when pursuing a civil proceeding against Drudy and Kirsch means that the issue of the debtor's malice in a subsequent § 523(a)(6) nondischargeability proceeding has already been actually litigated. *See supra* p. 650 (finding of "malicious motive" in state court malicious prosecution action has collateral estoppel effect in § 523(a)(6) proceeding).

Finally, the issue of whether the debtor had procured, initiated, or continued a civil proceeding against Drudy and Kirsch primarily for a purpose other than that of securing the proper adjudication of the claim in which said proceeding was based, which issue is dispositive of whether the debtor had, within the meaning of § 523(a)(6), maliciously harmed Drudy and Kirsch, *see supra* pp. 651–654, was resolved as a result of the aforesaid judgments in favor of Drudy and Kirsch, and the resolution of said issue was essential to said judgments. *See supra* pp. 650–651. Therefore, the debtor is collaterally estopped from denying that, or otherwise litigating whether, the underlying state court judgments in favor of Drudy and Kirsch were rendered in response to harm which the debtor maliciously inflicted upon Drudy and Kirsch within the meaning of § 523(a)(6).

■ Because the debtor is collaterally estopped from denying that, or otherwise litigating whether, the underlying state court judgments in favor of Drudy and Kirsch were rendered in response to harm which the debtor willfully and maliciously inflicted upon Drudy and Kirsch within the meaning of § 523(a)(6), the Court is constrained to rule that said underlying judgment claims (a) represent claims against the debtor for willful and malicious injury, and (b) are nondischargeable pursuant to § 523(a)(6).[5] Since the Court must hold that Drudy's and Kirsch's judgment claims are nondischargeable even if the Court were to grant to the debtor relief under Fed.R.Civ.P. 60(b)(1) or (6), a granting of such relief to the debtor so that the debtor could further litigate the nondischargeability complaint of Drudy and Kirsch would be truly futile. Therefore, the oral request by the debtor's present counsel for relief from the July 8, 1999 Order of Court, now characterized as a motion for relief from said order under Fed.R.Civ.P. 60(b)(1) or (6), must be, and is, denied. Furthermore, and as a consequence of such denial, the July 8, 1999 Order of Court shall not be disturbed.

### III.

An additional reason for the denial of the oral motion by the debtor's present counsel for relief from the July 8, 1999

---

**5.** The Court also determined in the July 8, 1999 Order of Court that Drudy's and Kirsch's judgment claims were nondischargeable in their entirety even though a portion of each judgment represented an award for punitive damages assessed against the debtor. The Court decided as it did because punitive damages included in a judgment obtained on account of willful and malicious injury caused by a debtor are nondischargeable under § 523(a)(6) no less than are compensatory damages included in the same judgment. *See In re Benson,* 180 B.R. 796, 800–01 (Bankr. W.D.Pa.1995); *In re Cohen,* 106 F.3d 52, 58 (3rd Cir.1997), *aff'd,* 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998) (noting that "the other exceptions [to discharge listed in

§ 523(a)] ... have been broadly construed to cover both punitive and compensatory portions of debt for culpable conduct, even by those courts that have rejected such a broad interpretation of ... § 523(a)(2)(A)"); 4 *Collier on Bankruptcy* ¶ 523.08[4] at 523–54 (noting that (a) the U.S. Supreme Court held in *Cohen* that punitive damages are nondischargeable under § 523(a)(2), and (b) "[t]he [Supreme] Court's analysis ... [in *Cohen*] strongly suggests its holding is not limited to section 523(a)(2) [; i.e.,] ... punitive damages will be excepted from discharge whenever they are awarded in connection with a debt excepted from discharge under *any of the paragraphs of section 523(a)* ").

Order of Court under Fed.R.Civ.P. 60(b)(1) or (6) is that grounds for the granting of such relief to the debtor do not exist in any event.

The debtor's present counsel contends that such relief is appropriate because, according to said counsel, the debtor's prior counsel, Kenneth Steidl (hereafter "Steidl"), consented to the Court's entry of the July 8, 1999 Order of Court without express authorization from the debtor to so consent. The implication of said contention by the debtor's present counsel is that a debtor is entitled to relief, via Fed. R.Civ.P. 60(b)(1) or (6), from a consent judgment shown to have been entered without express authority from the debtor as to such consent.

■■■ Fed.R.Civ.P. 60(b) provides, in pertinent part, that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... (1) mistake, inadvertence, surprise, or excusable neglect ... or (6) any other reason justifying relief from the operation of the judgment." Fed. R.Civ.P. 60(b)(1) & (6), 28 U.S.C.A. (West 1992). The proper reach of Fed.R.Civ.P. 60(b) has been delineated as follows:

> While neither ignorance nor carelessness by a party or his attorney is a proper basis for Rule 60(b) relief, courts are reluctant, under certain circumstances, to attribute to a client the mistakes of his attorney. Upon a proper showing, even a consent judgment may be set aside under Rule 60(b). In particular, a consent judgment shown to have been entered without express authority from the client or without the client's actual consent may be the subject of Rule 60(b) relief.

*Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 795–96 (7th Cir.1980) (citations omitted); *see also Associates Discount Corporation v. Goldman*, 524 F.2d 1051, 1053 (3rd Cir.1975) (same); *Bradford Exchange v. Trein's Exchange*, 600 F.2d 99, 102 (7th Cir.1979) (citing,

*inter alia, In re Gsand*, 153 F.2d 1001 (3rd Cir.1946), for the same proposition). Consequently, "a judgment entered upon an agreement by ... [an] attorney may be set aside *on affirmative proof that the attorney had no right to consent to its entry.*" *Bradford Exchange*, 600 F.2d at 102. Therefore, the debtor is entitled to relief via Fed.R.Civ.P. 60(b)(1) or (6) from the July 8, 1999 Order of Court if the debtor can prove that Steidl consented to the entry of said order without express authorization from the debtor to so consent.

■■■ Unfortunately for the debtor and his present counsel, the Court, for several reasons, cannot grant to the debtor the relief that he seeks via Fed.R.Civ.P. 60(b)(1) or (6) on the foregoing basis. First, the debtor's present counsel has not produced any evidence, other than the mere statement of the debtor, that Steidl lacked express authority to consent to the July 8, 1999 Order of Court. Second, and much more importantly, however, the Court finds that Steidl, in fact, did not ever consent to the entry by the Court of its July 8, 1999 Order of Court, which means that any lack of express authority that he might have had to consent to the entry of said order is irrelevant. The Court finds that the entry of the July 8, 1999 Order of Court, rather than having been consented to by Steidl, occurred solely because (a) Drudy and Kirsch had, by July 8, 1999, made out a prima facie case in Adversary Proceeding No. 97–2494 for nondischargeability under § 523(a)(6), (b) Steidl, at the July 8, 1999 hearing regarding Adversary Proceeding No. 97–2494, failed to orally present, and informed the Court that he could not prospectively advance, any defense to the nondischargeability action of Drudy and Kirsch, and (c) Steidl, at the same hearing, also informed the Court that he would not prospectively object to the entry of a nondischargeability order in favor of Drudy and Kirsch. The entry of an order against a party solely because that party failed to defend itself, coupled with said party's statement to the

Court that it would not prospectively defend itself or object to the entry of relief sought by its adversary, is not tantamount to a consent order but rather is more akin to a default judgment. Therefore, the Court shall not grant to the debtor the relief that he seeks via Fed.R.Civ.P. 60(b)(1) or (6) on the ground that Steidl consented to the entry of the July 8, 1999 Order of Court without the debtor's express authority as to such consent.

■■■■ To the extent that the July 8, 1999 Order of Court is viewed as a default judgment, relief from the entry of said order characterized as such also may not be granted under Fed.R.Civ.P. 60(b)(1) or (6). Relief from a default judgment under Fed.R.Civ.P. 60(b) requires a showing that (a) the plaintiff will not be prejudiced, (b) the defendant has a meritorious defense, and (c) the default judgment was not entered as a result of the defendant's culpable conduct. *See Gold Kist, Inc. v. Laurinburg Oil Company, Inc.*, 756 F.2d 14, 19 (3rd Cir.1985) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3rd Cir.1984); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3rd Cir.1984); *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3rd Cir.1983); *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3rd Cir.1982); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3rd Cir.1982)). "The showing of a meritorious defense is accomplished when 'allegations of [a] defendant's answer, if established on trial, would constitute a complete defense to the action' [in which said default judgment was entered]." *$55,518.05 in U.S. Currency*, 728 F.2d at 195. The Court must conclude that the instant debtor is without a meritorious defense to Drudy's and Kirsch's § 523(a)(6) nondischargeability action because, as set forth in part II of this Memorandum and Order of Court, the instant debtor is collaterally estopped from presenting at a future trial the requisite defense to said action. Therefore, the July 8, 1999 Order of Court, to the extent that it is viewed as a default judgment, may not

be set aside under Fed.R.Civ.P. 60(b)(1) or (6).

Although the debtor's present counsel failed to articulate any other ground upon which this Court might grant to the debtor relief from the July 8, 1999 Order of Court under Fed.R.Civ.P. 60(b)(1) or (6), the Court, for several reasons, concludes, after studying Fed.R.Civ.P. 60(b)(1) or (6), that no additional grounds for such relief exist in any event. First, even if Steidl was careless or negligent on July 8, 1999, in then failing to orally raise a defense to Drudy's and Kirsch's prima facie case against the debtor under § 523(a)(6), such carelessness or negligence does not constitute a proper basis for Rule 60(b) relief. *See supra* pp. 654–655. Second, the Court concludes that Steidl was not, in any event, careless or negligent in failing to orally raise a defense on July 8, 1999, to Drudy's and Kirsch's aforesaid prima facie case because (a) the debtor, as set forth in part II of this Memorandum and Order of Court, was then collaterally estopped from raising any such defense, and (b) Steidl was aware, as of the July 8, 1999 hearing, that relevant Third Circuit precedent existed to support Drudy's and Kirsch's collateral estoppel position, which position has ultimately been accepted by the Court as evidenced by the Court's instant decision in part II above. It is also the Court's finding that Steidl did not otherwise commit any mistake by failing to orally raise a defense on July 8, 1999, to Drudy's and Kirsch's aforesaid prima facie case, which means that the Court need not ponder whether other circumstances might exist such that the Court might not want to attribute to the debtor mistakes of his prior counsel.

Summarizing the above, the Court does not find that grounds exist for the granting to the debtor of relief from the July 8, 1999 Order of Court under Fed.R.Civ.P. 60(b)(1) or (6). Consequently, (a) the oral request by the debtor's present counsel for such relief, now characterized as a motion for such relief, must be, and is, denied, and (b) the July 8, 1999 Order of Court shall not be disturbed.

## IV.

With respect to the motion by Drudy and Kirsch for relief from stay so that they can proceed to execute upon their judgment liens against the debtor, the Court must deny said motion as moot at this time given that (a) the debtor received his Chapter 7 discharge on July 14, 1999, and (b) the automatic stay imposed in the instant case thus terminated on the same date, see 11 U.S.C.A. § 362(c)(2)(C) (West 1993), thereby rendering unnecessary at this time any grant of stay relief.[6] Because the instant debtor is no longer protected by the automatic stay in bankruptcy, Drudy and Kirsch are free to execute upon their judgment liens against the debtor. However, the Court notes that the instant case has not yet been closed, which means that the debtor is still free to pursue any lien avoidance action that he might wish to bring.[7] Of course, since the judgment claims underlying Drudy's and Kirsch's judgment liens have been declared nondischargeable by the Court, any avoidance of such liens would undoubtedly be only temporary given that Drudy and Kirsch could proceed in the future to execute anew upon their judgments, thereby obtaining replacement judicial liens upon the debtor's property.

## V.

IN SUMMARY, (a) the oral request by the debtor's present counsel for relief from the Court's July 8, 1999 Order of Court in

6. The motion for relief from stay had utility to Drudy and Kirsch as of, and thus was filed with the Court on, July 1, 1999, because, as of that date, the Court had not yet entered a Chapter 7 discharge order for the instant debtor.

7. In light of the U.S. Supreme Court's decision in *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), the Court concludes that the debtor could not, in any event, engage in the lien stripping via 11 U.S.C. § 506(d) that the debtor essentially proposes in paragraphs 10–12 of his July 23, 1999 objection to the aforesaid motion for relief from stay. *See* 4 *Collier on Bankruptcy* ¶ 506.06[1][a]–[b] at 506–144 to 506–148 (Bender 1999) ("Even though *Dewsnup* in-

Adversary Proceeding No. 97–2494, wherein the Court declared that the underlying judgment claims of Drudy and Kirsch are nondischargeable (i.e., the "July 8, 1999 Order of Court"), shall henceforth be treated as a **MOTION FOR RECONSIDERATION** of said order or, more accurately, a motion for relief from said order under Fed.R.Civ.P. 60(b)(1) or (6), (b) said motion for relief under Fed.R.Civ.P. 60(b)(1) or (6) is **DENIED WITH PREJUDICE** for the reasons set forth in part II of this Memorandum and Order of Court, (c) the July 8, 1999 Order of Court consequently shall **NOT BE DISTURBED,** and (d) the motion for relief from stay by Drudy and Kirsch shall be **DENIED AS MOOT.**

volved a consensual lien, subsequent cases have interpreted the *Dewsnup* decision to apply equally to nonconsensual (or 'involuntary') liens"). However, since Drudy's and Kirsch's liens are judicial liens, said liens could potentially be avoided to a certain extent under 11 U.S.C. § 522(f), provided that said liens impair an exemption of the debtor in the realty that is presently subject to said liens. For the debtor to take advantage of § 522(f), of course, the debtor would need to take some sort of exemption in the realty subject to Drudy's and Kirsch's liens; to date, it appears to the Court that the debtor has failed to take any exemption in the pertinent realty.