**In re G & R MANUFACTURING CO., INC., Debtor.**

**G & R MANUFACTURING CO., INC., Plaintiff,**

v.

**Frances Jean GUNIA, Defendant.**

**Bankruptcy No. 87–860–BKC–6P1. Adv. No. 87–110.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Oct. 18, 1988.

Charles F. Edwards, Orlando, Fla., for plaintiff.

Eric R. Jones, Melbourne, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon the complaint seeking to set aside as a preferential transfer a judicial lien imposed upon property of the plaintiff debtor pursuant to a Final Judgment of Dissolution of Marriage concerning Marian Adam Gunia and Frances Jean Gunia. The trial of this case was consolidated with the adversary proceeding styled as *Marian Adam Gunia v. Frances Jean Gunia*, Adversary Proceeding No. 87–111, and was held August 4, 1988, 91 B.R. 989. Upon the evidence offered, the Court enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

The plaintiff in this case is involved in operating a metal machine shop business in Palm Bay, Florida. Its petition for relief under Chapter 11 of the Bankruptcy Code was filed April 9, 1987.

The principal stockholder of the plaintiff corporation is Marian Adam Gunia, who also filed a petition for relief under Chapter 11 of the Bankruptcy Code on April 9, 1987. Prior to May 23, 1985, he was married to the defendant in this adversary proceeding.

On May 23, 1985, the Circuit Court in and for Brevard County, Florida, entered a Final Judgment of Dissolution of Marriage terminating the marriage between Frances Jean Gunia and Marian Adam Gunia. The Final Judgment was subsequently modified by an Amended Final Judgment of Dissolution of Marriage entered September 26, 1985.

Both the original and amended final judgment provided that defendant was to

receive lump sum alimony in the amount of $115,000, to be paid monthly installments of $1,250.00. In addition, the Circuit Court awarded to her as "equitable distribution of the marital property of the parties" three acres of improved industrial real property on which the plaintiff's business is located.

The Amended Final Judgment of Dissolution of Marriage entered September 26, 1985, further provides:

> In the event that the petitioner [Mr. Gunia] sells or otherwise disposes of the principal business of G & R Manufacturing Company, Inc. during such time that the petitioner's obligation to pay lump sum alimony remains unsatisfied, the unpaid balance of the lump sum alimony shall be satisfied forthwith, and this judgment shall act as a lien upon the proceeds of such sale or disposition until the lump sum alimony obligation is satisfied.

When Mr. Gunia defaulted in his Court ordered payments, defendant filed a post-dissolution motion for contempt and enforcement of the judgments. Subsequently, on January 15, 1987, the Circuit Court entered an order of contempt which specifically found Mr. Gunia delinquent in his obligations to defendant in the amount of $133,603.67. The January 15, 1987, order also provides:

> In the event that the petitioner/former husband [Mr. Gunia] sells, or otherwise disposes of the principal business of G & R Manufacturing Company, Inc., while the judgment for lump sum alimony as set forth in paragraph 1 above remains unsatisfied in whole, or in part, said judgment shall be satisfied from the proceeds of such sale and this order shall act as a lien upon the proceeds of such sale or disposition until the judgment for lump sum alimony is fully satisfied.

In its proposed Plan of Reorganization, the debtor proposes to sell its business to an unrelated third party. In order to reap the full benefit of the proposed sale, the plaintiff challenges that portion of the January, 1987, order which grants the defendant a lien against the debtor's business.

More specifically, the plaintiff argues that the January, 1987, order grants the defendant an interest in debtor's property on account of an antecedent debt within the ninety day preferential transfer period of in 11 U.S.C. § 547(b).

## CONCLUSIONS OF LAW

■ The sole issue before the Court is whether the order entered January 15, 1987, gave defendant a security interest which may be avoided pursuant to 11 U.S.C. § 547(b). That statute provides:

> (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made—
>
> (A) on or within 90 days before the date of the filing of the petition; or
>
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> (5) that enables such creditor to receive more than such creditor would receive if—
>
> (A) the case were a case under Chapter 7 of this title;
>
> (B) the transfer had not been made; and
>
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Regardless of whether the transfer satisfies all other elements of § 547(b), the Court concludes that there has been no transfer of an interest in property within the time periods set forth in § 547(b)(4). Instead, the transfer of property in this instance first occurred upon issuance of the May 23, 1985, order which gave defendant an equitable lien against plaintiff's business. The subsequent orders issued September 29, 1985, and January 15, 1987, do

nothing more than reiterate the prior order and do not, in and of themselves, give the defendant any new rights.

■ Notwithstanding this point, plaintiff would have the Court review the authority and propriety of the Circuit Court to grant defendant a lien against the proceeds from the sale of the plaintiff's business. The Court is unwilling take such action.

The Bankruptcy Code was not intended to give litigants a second chance to challenge a state court judgment nor did it intend for the Bankruptcy Court to serve as an appellate court for divorce decrees. The proper forum to challenge such judgments is within the state court appellate system which, in this Court's understanding, was not used in the instant case. Out of comity and respect for the Circuit Court's judgment, the Court will therefore decline the invitation to review the decision of the state court to issue a lien on plaintiff's business.

Finally, the Court finds it unnecessary to determine whether the judgment lien (which was, in fact, recorded) satisfies the filing requirements of the Uniform Commercial Code, having already found that no transfer of property occurred within the avoidance period set forth in § 547(b).

The Court will enter a separate order in accordance with these findings.

### FINAL JUDGMENT

Upon Findings of Fact and Conclusions of Law separately entered, it is ORDERED AND ADJUDGED:

1. The complaint against the defendant, Frances Jean Gunia, is DISMISSED with prejudice.

2. Final Judgment is awarded in favor of the defendant, Frances Jean Gunia, and against the plaintiff, G & R Manufacturing Co., Inc.