**In re James T. METZ, a/k/a James T. Metz, Jr., Debtor.**

**James T. METZ, a/k/a James T. Metz, Jr.**

v.

**POUGHKEEPSIE SAVINGS BANK, FSB, Defendant.**

**Bankruptcy No. 891–81718–20.**
**Adv. No. 893–8295–20.**

United States Bankruptcy Court,
E.D. New York,
at Westbury.

April 12, 1994.

Jeffrey D. Buss, Smith, Buss & Jacobs, Neal M. Rosenbloom, Finkel Goldstein Berzow & Rosenbloom, New York City, for debtor.

Joseph J. Haspel, Kurtzman, Haspel & Stein, Spring Valley, NY, Jon H. Adams, Corbally, Gartland and Rappleyea, Poughkeepsie, NY, for Poughkeepsie Sav. Bank, FSB.

Lee Crawford, Loeb & Loeb, New York City, for Creditors' Committee.

Stan Y. Yang, Office of the U.S. Trustee, Garden City, NY.

## OPINION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

Before the Court[1] is a motion, filed within Debtor's above-captioned adversary proceeding, by Poughkeepsie Savings Bank, FSB ("Movant") for relief from the automatic stay[2]. Movant seeks this relief to pursue its appeal of a judgment rendered in favor of Debtor by New York's Columbia County Supreme Court.

1. The Court has jurisdiction over this case pursuant to sections 157(a), 157(b)(1) and 1334 of title 28, United States Code ("title 28") and the order of referral of matters to the bankruptcy judges by the United States District Court for the Eastern District of New York (Weinstein, C.J., 1986). This is a core proceeding pursuant to section 157(b)(2)(G) of title 28.

2. The automatic stay derives from section 362 of title 11, United States Code; the part relevant to the motion at bar provides:
[A] petition [for bankruptcy relief] operates as a stay, applicable to all entities, of—
... the commencement or continuation, including the issuance or employment of pro-

## RELEVANT FACTS

Prior to Debtor's voluntary petition for bankruptcy relief under chapter 11 of title 11, United States Code ("Bankruptcy Code") on March 16, 1993, Movant obtained a judgment of foreclosure against certain real property ("Foreclosure Judgment") owned by Maplewood Land Development Company, Inc. ("Maplewood"), and the property was sold by foreclosure sale. Debtor was guarantor of the loan to Maplewood. Movant asserts that it holds a deficiency claim against Debtor for the amount of the defaulted loan to Maplewood not satisfied by the sum received pursuant to the foreclosure sale. A provision of the Foreclosure Judgment permitted Movant to obtain a deficiency judgment, but did not state whether Debtor was liable for such amount. Movant subsequently moved to amend the Foreclosure Judgment to include a provision providing that Debtor would be liable for any such deficiency judgment; this was denied by the Columbia County Supreme Court. Movant was granted reargument, but again did not prevail. Movant also filed a notice of appeal of the order denying amendment of the Foreclosure Judgment, which was stayed by Debtor's petition for bankruptcy relief. The appeal to New York Supreme Court's Appellate Division, Third Judicial Department, will determine whether Debtor (and thus, Debtor's estate) has liability for any deficiency judgment or claim of Movant.

The issue at bar is whether to modify the automatic stay to allow Movant's appeal to continue.

cess, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title....
11 U.S.C. § 362(a)(1) (1994). An adversary proceeding is not necessary to obtain relief from the automatic stay. Id.; Fed.R.Bankr.P. 7001 (1994). Accordingly, this opinion and order will be docketed by the Court's Clerk's Office under the main file, Bankruptcy Case Number 893–81478–20, with a copy to the Adversary Proceeding File, case number 893–8295–20.

## ANALYSIS

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the [automatic] stay ... such as by terminating, annulling, modifying, or conditioning such stay ... for cause...." 11 U.S.C. § 362(d)(1) (1994).

Movant desires to exercise its appellate rights and to resolve its disputed deficiency claim against Debtor; it contends that this constitutes requisite cause for the Court to modify the automatic stay to allow it to pursue its appeal.

One of Debtor's opposition arguments is that relief from the stay should be denied because the issue can easily be resolved by this Court if and when Movant files a proof of claim against Debtor's estate based upon this deficiency.[3] Debtor asserts that it would then object to Movant's claim and the argument could be litigated here.[4] (Debtor's Reply ¶¶ 28, 34; Tr. at 28–9.) As the parties now stand, any deficiency claim filed by Movant would be objected to by Debtor, who would assert that the Foreclosure Judgment did not contain a provision holding Debtor liable for any deficiency. Debtor would also argue that the state court was correct in its two subsequent rulings refusing to allow Movant a deficiency claim against Debtor. Movant would argue that the trial court erred. To resolve this dispute in this Court would be to render us an appellate court; this we should not be. "The Bankruptcy Code was not intended to give litigants a second chance to challenge a state court judgment nor did it intend for the Bankruptcy Court to serve as an appellate court for state court proceedings." *Besing v. Hawthorne (In re Besing)*, 981 F.2d 1488, 1496 (5th Cir.1993) (quoting *In re G & R Mfg. Co.*, 91 B.R. 991, 994 (Bankr.M.D.Fla.1988)).

Upon closer examination, Debtor's scenario could lead to a serious duplication of efforts. Movant could conceivably continue its appeal after our decision on the issue (and after termination of the automatic stay), and obtain a different result. This would lead to an unacceptable repetition of work and to the possibility of inconsistent rulings. It would be very prudent to modify the automatic stay to promote judicial economy and prevent possibly inconsistent rulings. *Sonnax Indus. v. TRI Component Prod. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990) (list of factors "to be weighed in deciding whether litigation should be permitted to continue in another forum" includes assessing "the interests of judicial economy and the [possibility of obtaining] expeditious and economical resolution of litigation"); *In re Davis*, 91 B.R. 470, 471 (Bankr.N.D.Ill.1988) ("Cause for lifting the stay exists, here, principally because of the risks, if the stay is not lifted, of inconsistent results in two forums, of a conflict in the interpretation of state law between this court and the state court, and of duplication of lawyer and judicial effort.").

Were the Court to modify or vacate the automatic stay, however, the appropriate New York state appellate court would determine the propriety of a New York state trial court's ruling *and* whether a deficiency judgment or claim against Debtor's estate exists. It would be unwarranted to require a proof of claim to be filed, an objection to the claim to be served, and a hearing to be held in this Court, all to resolve an issue which has already been noticed for appeal in the appropriate state court[5], and which could possibly be heard *notwithstanding* our adjudication of it.

Debtor argues that Movant's deficiency claim has been fully litigated, especially since the New York trial court twice refused to alter its rulings. (Debtor's Reply ¶¶ 27, 30.) Thus, the stay should not be lifted and we should give preclusive effect to the rulings. But once Movant files its proof of claim, the issue created by Debtor's imminent objection will be the propriety of giving the trial court rulings preclusive effect. That issue should

---

3. *See* 11 U.S.C. §§ 501(a) (1994) ("A creditor ... may file a proof of claim."); 502(a) (1994) ("A claim ... which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects.").

4. Fed.R.Bankr.P. 3007 (1994) (procedure for objecting to proof of claim).

5. *See Sonnax*, 907 F.2d at 1286 (court should consider "whether the parties are ready for trial in the other proceeding").

not be determined by us. *Besing,* 981 F.2d at 1496 (citation omitted).

Debtor cites an opinion by the Second Circuit Court of Appeals, *Sonnax Indus. v. TRI Component Prod. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280 (2d Cir.1990), in which the court provided a dozen factors to be considered in deciding whether litigation should be allowed to continue in another forum. *Id.* at 1286 (citing *In re Curtis,* 40 B.R. 795, 799–800 (Bankr.D.Utah 1984)). Several of these factors are relevant to the instant case, and they are discussed below. But Debtor in no way demonstrates (or alleges) how even one factor supports his proposition that relief from the stay should be denied.

As to some of the applicable factors, Movant's dispute with the Foreclosure Judgment concerns state foreclosure law; thus, the expertise of the bankruptcy court is unnecessary. *Sonnax,* 907 F.2d at 1286 (court should consider whether another tribunal with necessary expertise exists to hear cause of action) (citing *In re Curtis,* 40 B.R. 795, 799–800 (Bankr.D.Utah 1984)); *In re Claughton,* 140 B.R. 861, 867 (Bankr. W.D.N.C.1992); *In re McCollum,* 76 B.R. 797, 799 (Bankr.D.Or.1987). Relief from the stay will constitute a minimal interruption to the bankruptcy case, but the benefit will be a reduction of Movant's deficiency claim such that it will be eliminated if Debtor prevails upon appeal, or the claim will be rendered liquidated and non-contingent if Movant prevails. Indeed, since relief from the stay would result in a complete resolution of the issues, the interruption is actually warranted. *Sonnax,* 907 F.2d at 1286 (court should consider whether relief from automatic stay "would result in a partial or complete resolution of the issues", and amount of interference with bankruptcy case). Allowing Movant to litigate the issue in the state court forum will not prejudice the interests of other creditors. *Id.* Nor will Debtor be substantially prejudiced: Debtor previously litigated in state court; having a state court, rather than this Court, decide whether Movant should have a deficiency claim against the estate constitutes no genuine detriment to Debtor; and Debtor's argument in opposition to any claim by Movant for a deficiency will ostensibly be the same whether asserted here or in state court. The state appellate court is the more appropriate forum to hear Movant's grievance with the New York trial court's rulings. *Id.* Modifying the stay would, as discussed, promote judicial economy and the expeditious and economical resolution of litigation. *Id.* The parties are more ready to litigate the issue before the appellate court where a notice of appeal has been filed, than in this Court where Movant's claim has not even been filed. *Id.* Finally, the balance of hardships, weighs heavily in favor of relief from the stay for Movant. *Id.;* *In re Gatke Corp.,* 117 B.R. 406, 409 (Bankr. N.D.Ind.1989) (citing S.Rep. No. 989, 95th Cong.2d Sess. 50 [6], U.S.Code Cong. & Admin.News 1978, 5787, 5836; *In re Pro Football Weekly, Inc.,* 60 B.R. 824, 826 (N.D.Ill. 1986); *Holtkamp v. Littlefield (In re Holtkamp),* 669 F.2d 505, 508 (7th Cir.1982)); *In re Parkinson,* 102 B.R. 141, 142–3 (Bankr. C.D.Ill.1988).

For all the reasons given, Movant's motion for relief from the automatic stay is **GRANTED;** Movant may pursue its appeal of the New York state court rulings; Movant has leave to request an expedited hearing from the appellate court.

**SO ORDERED.**

---

6. The drafters envisioned lifting the stay to allow other proceedings to continue, where appropriate:

It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

S.Rep. No. 989, 95th Cong.2d. Sess. 50, U.S.Code Cong. & Admin.News 1978, 5787, 5836.