

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-1997

# In Re: Robert Wilson

Precedential or Non-Precedential:

Docket 96-5433

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"In Re: Robert Wilson" (1997). *1997 Decisions.* Paper 132.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/132

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 16, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-5433

IN RE: ROBERT FRANK-LEONARD WILSON,
Debtor

LISA BALDINO;
Appellant

v.

ROBERT FRANK-LEONARD WILSON;

BUNCE D. ATKINSON,
Trustee

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 96-cv-01831)
District Judge: Hon. Anne E. Thompson, Chief Judge

Submitted under Third Circuit LAR 34.1(a)
April 28, 1997

Before: SLOVITER, Chief Judge, NYGAARD and
ALDISERT, Circuit Judges.

(Filed June 16, 1997)

Lisa Baldino
100 Calef Avenue
Narragansett, RI 02882
<u>Appellant, Pro Se</u>

**OPINION OF THE COURT**

ALDISERT, <u>Circuit Judge</u>.

This appeal by Lisa Baldino from the district court's affirmance of a bankruptcy court order requires us to decide whether the bankruptcy court abused its discretion in denying Baldino's motion for relief from the automatic stay in proceedings against the Debtor, Robert Frank-Leonard Wilson. Baldino sought relief from the stay in order to proceed with a pending appeal in a state court action against Wilson. The bankruptcy court denied the request, reasoning that the state court appeal should not proceed until the bankruptcy court determined whether any judgment Baldino might receive would be dischargeable. The district court agreed and affirmed. We find two distinct grounds for reversing the district court: (1) the bankruptcy court relied on an erroneous legal premise in exercising its discretion to deny relief from the stay and (2) the bankruptcy court's order effectively prevents Baldino from challenging the state court judgment in any forum. Accordingly, we will reverse and remand to the district court for entry of an order directing the bankruptcy court to lift the automatic stay for the limited purpose of allowing Baldino's appeal.

The district court had jurisdiction under 28 U.S.C. § 158(a). This court has jurisdiction under 28 U.S.C. § 1291. In bankruptcy cases, the district court sits as an appellate court and, therefore, we exercise plenary review over the district court judgment. <u>Brown v. Pennsylvania State Employees Credit Union</u>, 851 F.2d 81, 84 (3d Cir. 1988). We review a decision to deny the automatic stay for abuse of discretion. <u>See Claughton v. Mixson</u>, 33 F.3d 4, 5 (4th Cir. 1994); <u>Holtkamp v. Littlefield (Matter of Holtkamp)</u>, 669 F.2d 505, 507 (7th Cir. 1982).

2

On July 27, 1989, Wilson signed and swore to a criminal complaint charging Baldino with criminal trespass and harassment. Wilson's complaint was subsequently dismissed. Four years later, on July 20, 1993, Baldino filed a civil complaint against Wilson in the Superior Court of New Jersey. Baldino asserted a claim of malicious prosecution against Wilson based on the 1989 criminal complaint.

On February 3, 1995 the state court granted Wilson's motion for summary judgment. The court found that Baldino had not made out a prima facie case of malicious prosecution because she failed to show that Wilson acted without probable cause. Baldino appealed. The parties filed briefs on appeal and argument was scheduled for February 6, 1996. On September 7, 1995, Wilson filed a petition for relief under Chapter 7 of the Bankruptcy Code, thereby automatically staying the appeal.

Baldino filed a pro se motion for relief from the automatic stay, seeking permission to complete her appeal. The bankruptcy court denied Baldino's request, reasoning:

Why would I grant stay relief before the dischargeability of the debt has been determined? . . . You could be completely successful in the State Court and not be successful on the nondischargeability determination. . . . [S]imply because you prevail in the State Court does not necessarily mean that you will prevail in a non-dischargeability action . . . there's no need to determine the extent and validity of claims unless there's going to be a distribution or unless the debt has been determined to be dischargeable.

The district court adopted the reasoning of the bankruptcy court and affirmed the order denying Baldino's request for relief from the stay.

I.

The bankruptcy court's reasoning rests on the premise that even if Baldino prevailed in the state court malicious prosecution action, her judgment against Wilson would not necessarily be nondischargeable in the bankruptcy

proceeding. This premise is incorrect as a matter of law. See Langanella v. Braen (In re Braen), 900 F.2d 621 (3d Cir. 1990).

In Braen, as in the present case, the debtor was sued in New Jersey state court for malicious prosecution. The state court action in Braen went to trial and a jury entered a verdict against the debtor. The verdict included afinding that the debtor "was activated by a malicious motive in prosecuting the criminal complaint," a finding which is a necessary element for a claim of malicious prosecution. Id. at 623. Before the successful plaintiff in the malicious prosecution action could collect on the judgment, the debtor filed a Chapter 11 bankruptcy petition. The plaintiff asked the bankruptcy court to declare the state court judgment nondischargeable under 11 U.S.C. § 523(a)(6), which provides that a creditor can avoid the discharge of a debt incurred "for willful and malicious injury by the debtor . . . ." The bankruptcy court held that the debt was nondischargeable. The court gave preclusive effect to the New Jersey court's finding that the debtor acted maliciously. On appeal we stated: "The bankruptcy court did not err in holding that issue preclusion barred[the debtor] from relitigating whether [the plaintiff 's] judgment was a debt incurred `for willful and malicious injury by the debtor.' " Id. at 630.

We see no reason why the reasoning of Braen should not apply to the present case, even though Appellant Baldino was unsuccessful at trial in the state court. To prevail in state court, of necessity, Baldino would have to prove that Wilson acted maliciously. If she is ultimately successful and eventually obtains a judgment, it would be nondischargeable under § 523(a)(6) as a debt incurred by the debtor's willful and malicious conduct. We therefore conclude that the bankruptcy court abused its discretion by relying on an erroneous legal premise, to wit, in declaring "[Baldino] could be completely successful in the State Court and not be successful on the nondischargeability determination". See Stuebben v. Gioioso (In re Gioioso), 979 F.2d 956, 959 (3d Cir. 1992) (bankruptcy court abuses its discretion when its ruling is founded on an error of law).

II.

Moreover, an additional and independent reason supports our concern over the bankruptcy court's refusal to lift the stay. The Bankruptcy Code provides that the bankruptcy court shall grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1). Section 362(d)(1) does not define "cause," leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case. Trident Assocs. v. Metropolitan Life Ins. Co. (In re Trident Assocs.), 52 F.3d 127 (6th Cir. 1995). We believe "cause" exists under the circumstances of this case.

If the bankruptcy proceeding continues without modification of the stay, issue preclusion will prevent Baldino from challenging the effect of the state court judgment in the bankruptcy court. It is settled law that issue preclusion applies to bankruptcy proceedings. Graham v. Internal Revenue Service (In re Graham), 973 F.2d 1089 (3d Cir. 1992). As our discussion of Braen makes clear, issue preclusion applies even where the previous adjudication occurred in state court. Braen, 900 F.2d at 624-630; see also First Nat'l Bank v. Brown (In re Brown), 951 F.2d 564 (3d Cir. 1991). If Baldino raises her claim for malicious prosecution in bankruptcy court, the state court's determination that Baldino did not show lack of probable cause will preclude her from relitigating this issue. Although Baldino's appeal is pending in state court, the state trial court's resolution of this issue is "final" for preclusion purposes. See Gregory Mktg. Corp. v. Wakefern Food Corp., 207 N.J.Super. 607, 504 A.2d 828, 836 (1985) (New Jersey law recognizes a judgment as "final" for preclusion purposes even though it is pending on appeal); Allen v. McCurry, 449 U.S. 90, 96 (1980) (federal courts afford state court judgments the same preclusive effect that would exist in the rendering state).

The bankruptcy court is also prohibited from reviewing the state court's judgment by the Rooker-Feldman doctrine, which prohibits lower federal courts from sitting as effective courts of appeal for state court judgments. See , e.g., D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (citing Rooker v. Fidelity Trust Co., 263 U.S. 403 (1923)); Besing v. Hawthorne (In re Besing), 981 F.2d 1488, 1496

5

(5th Cir. 1993) ("The Bankruptcy Code was not intended to give litigants a second chance to challenge a state court judgment nor did it intend for the Bankruptcy Court to serve as an appellate court [for state court proceedings]") (quoting In re G & R Mfg. Co., 91 B.R. 994 (Bankr. M.D.Fla. 1988)).

As demonstrated, Baldino cannot relitigate the adverse trial court judgment in bankruptcy court. If she is denied relief from the automatic stay, she will have no opportunity to challenge the adverse judgment before the bankruptcy proceedings are complete. If Baldino is not afforded an opportunity to pursue her appeal in state court, she will have no forum to litigate her cause. Accordingly, we believe it is necessary to lift the stay to permit prosecution of her appeal to the state appellate courts.

Our approach is consistent with that taken by other courts. See, e.g., Metz v. Poughkeepsie Sav. Bank (In re Metz), 165 B.R. 769, 771 (Bankr. E.D.N.Y. 1994) (evaluating the totality of the circumstances and granting stay relief to allow appeal of state court judgment); Matter of Highway Truck Drivers and Helpers Local Union 107, 98 B.R. 698, 705 (E.D. Pa. 1989) (affirming bankruptcy court's grant of stay relief on the grounds that state court appeal was debtor's "only vehicle to attack the adverse judgment"), rev'd on other grounds, In re Highway Truck Drivers & Helpers Local 107, 888 F.2d 293 (3d Cir. 1989).

Moreover, our decision is supported by the legislative history of § 362(d)(1), which states in pertinent part:

[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

S.Rep. No. 95-989 at 50 (1978), reprinted in 1978 U.S.C.C.A.N 5787, 5836. We perceive no great prejudice to the bankruptcy estate in granting relief from the stay. Such relief will expedite the resolution of Baldino's claim by eliminating it if Wilson prevails on appeal, or by rendering it final and nondischargeable if Baldino ultimately prevails.

6

Moreover, Baldino's claim can be resolved more quickly in state court on appeal than in the bankruptcy proceedings, as the parties have already filed briefs on appeal.

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary.

Accordingly, the judgment of the district court will be reversed and remanded for entry of an order directing the bankruptcy court to grant Baldino's request for relief from the stay for the limited purpose of allowing her appeal to proceed in the New Jersey courts.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

7