**In re Gregory S. MACK, Debtor.**

**No. 6:06–BK–00182–ABB.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

July 10, 2006.

Jonathan B. Alper, Heathrow, FL, for Debtor.

## *ORDER*

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Amended Motion for Partial Relief from the Automatic Stay with its supporting Memorandum (collectively, the "Grange Motion") (Doc. Nos. 65, 66) filed by Grange Mutual Casualty Company, Grange Indemnity Insurance Company, and Trustgard Insurance Company (collectively, "Grange") and the Motion for Relief from the Automatic Stay and Memorandum of Law in Support Thereof ("Allstate Motion") filed by Allstate Insurance Company and Liberty Mutual Insurance Company (respectively, "Allstate" and "Liberty"). An evidentiary hearing on the Grange Motion and Allstate Motion was held on June 14, 2006 at which Gregory S. Mack, the Debtor herein ("Debtor"), counsel for the Debtor, and counsel for Grange, Allstate, and Liberty appeared. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing testimony and argument, and being otherwise fully advised in the premises.

## *FINDINGS OF FACT*

Grange, Allstate, and Liberty (collectively, the "Movants") instituted civil actions against the Debtor and eleven additional defendants, some of which are affiliated entities of the Debtor, (the "Kentucky Litigation") in the United States District Court for the Eastern District of Kentucky, Frankfort Division ("District Court").[1] The Movants contend the Debtor, who owned and operated health clinics in Kentucky, created and implemented fraudulent schemes to bill the Movants for medical treatments and equipment relating to automobile insurance and workers' compensation insurance claims. The Movants seek to recover damages against the Debtor pursuant to the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), and state law statutes. The suits have been consolidated as *Grange Mutual Casualty Company, et al. v. Mack, et al.,* No. 3:02–cv–110–JMH with Chief Judge Joseph M. Hood presiding.

The District Court entered a Memorandum Opinion and Order on October 21, 2005 (Grange Exh. No. 12) ("Order") granting the Movants' motion to compel discovery and imposing sanctions against the Debtor and his entities. The Order is a final non-appealable order. The Order details the Movants' many attempts to obtain discovery from the defendants and the defendants' repeated failings to produce discovery, cooperate, and abide by Court orders. The District Court's findings include:

> [The Defendants'] failure to cooperate in discovery has been so thorough and consistent that the Court can only conclude that it has been done willfully and deliberately ... Computers have disappeared and IRC corporate files have not been produced (and in some cases were not even disclosed until more than two years after the commencement of the case) ... the Court clearly and explicitly warned the IRC defendants that failure to cooperate in discovery would lead to their answer being stricken in November of 2004 ... The IRC defendants have shown repeatedly that they feel no obligation to follow the Court's orders ...

---

1. The Debtor and his affiliated entities are referred to as the "IRC defendants" in the Kentucky Litigation. "IRC" derives from the Debtor's entity named "Injury & Rehab Centers of Kentucky, PLLC."

Order at pp. 14, 15, 17. The District Court, based on these findings, struck the IRC defendants' answer and entered a default against them. The District Court explained such a severe sanction was necessary: "[I]t is the only sanction that is adequate in light of the willful, prejudicial, and repeated obstruction by the IRC defendants and their repeated disregard of the Court's orders. The IRC defendants have acted throughout in bad faith, and there is no alternative remedy that will compensate for the prejudice suffered by Plaintiffs." Order at 18. As further sanction, the District Court enjoined the Debtor and his affiliated entities from disposing of any assets pending final resolution of the case. Order at 19.

The District Court denied the Debtor's motion for reconsideration of the Order in December 2005 (Grange Exh. No. 13) and on January 19, 2006 issued an Order (Grange Exh. No. 16) directing Grange to submit a motion for entry of a final default judgment as to the Debtor and his affiliated entities if all business-related computers had not been made available for imaging by January 26, 2006. The Debtor filed this Chapter 7 case on February 8, 2006 ("Petition Date")[2] which caused the automatic stay to arise and thereby stay the Kentucky Litigation as to the Debtor pursuant to 11 U.S.C. § 362(a). The Movants have filed claims in this case asserting unsecured nonpriority claims against the Debtor. Their combined claims total approximately $7,423,538.00 (Claim Nos. 24, 25, 26). The Movants seek relief from the automatic stay in order to litigate the Kentucky Litigation to judgment and liquidate their claims against the Debtor to sums certain.

The following facts and circumstances are relevant to determining whether to modify or terminate the automatic stay in this particular case: The Debtor, as explicitly found by the District Court, did not act in good faith in the Kentucky Litigation. He stepped into this bankruptcy case with unclean hands. The Debtor's primary purposes in filing this bankruptcy case, based upon the timing and the circumstances of the filing, was to frustrate the Movants and delay the Kentucky Litigation. While the Court has jurisdiction to adjudicate the Movants' claims against the Debtor, the most efficient use of judicial resources is to allow the parties to conclude the Kentucky Litigation in the District Court. The Kentucky Litigation involves complex RICO and state law issues and numerous parties. Virtually all of the parties, witnesses, and documents are located in Kentucky. Chief Judge Hood is intimately familiar with the Kentucky Litigation and is in the best position to adjudicate the case. The Debtor will suffer some prejudice as a result of permitting the Kentucky Litigation to proceed in Kentucky. Allowing the Kentucky Litigation to proceed in Orlando would work a tremendous hardship on the Movants that far outweighs the prejudice the Debtor may suffer by having the litigation proceed in Kentucky. No great prejudice to the bankruptcy estate will result in permitting the Kentucky Litigation to proceed.[3]

The Movants have established, based upon the totality of the circumstances,

---

2. Larry M. Lammers was a director of several of the Debtor's clinics and is a defendant in the Kentucky Litigation. Lammers filed a Chapter 7 bankruptcy case in this Court, captioned *In re Larry M. Lammers,* Case No. 6:02–bk–08758–ABB. The Movants sought relief from the automatic stay in Lammers' case in order to allow the Movants to conduct discovery and adjudicate their claims against Lammers in the Kentucky Litigation. The Court granted the Movants' motions.

3. The Chapter 7 Trustee has not opposed the Movants' Motions.

cause exists for termination of the automatic to allow the Movants to move forward with the Kentucky Litigation. The interests of justice will be best served by the abstention of this Court from hearing the Movants' claims against the Debtor and allowing such claims to be liquidated by the District Court.

## CONCLUSIONS OF LAW

■ The automatic stay of § 362(a)(1) of the Bankruptcy Code arose upon the Debtor's filing of his bankruptcy petition and protects him from the Kentucky Litigation. The Movants, who are parties in interest in this case, seek relief from the automatic stay pursuant to § 362(d)(1) in order to proceed with the Kentucky Litigation and liquidate their claims against the Debtor. Section 362(d)(1) provides, on request of a party in interest and after notice and a hearing, a court shall grant relief from the stay, such as by terminating, annulling, modifying, or conditioning such stay, "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 365(d)(1) (2005).

■ Lack of adequate protection of a party's interest in property is only one basis for stay relief. The courts have interpreted the language of § 362(d)(1) to include a broad set of circumstances constituting "cause" for stay relief. *See, e.g., Carver v. Carver,* 954 F.2d 1573, 1578 (11th Cir.1992), *cert. denied,* 506 U.S. 986, 113 S.Ct. 496, 121 L.Ed.2d 434 (1992) (holding courts should liberally grant relief where debtor fails to make alimony, maintenance or support payments "to avoid entangling the federal court in family law matters"); *In re Dixie Broad., Inc.,* 871 F.2d 1023, 1026 (11th Cir.1989), (holding a petition filed in bad faith justifies lifting the stay); *In re Robbins,* 964 F.2d 342, 346 (4th Cir.1992) (concluding cause

exists where lifting the stay will promote judicial economy); 3 COLLIER ON BANKRUPTCY ¶ 362.07[3][a], at 362–84.19 (15th ed. rev.2005). The drafters of § 362(d)(1) acknowledged in the statute's legislative history the stay should be lifted where proceedings should continue in a non-bankruptcy forum:

> It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

S.REP. No. 989, 95th Cong., 2d Sess. at 50 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5836.

■ Whether cause exists to grant stay relief must be determined on a case by case basis based upon the totality of the circumstances in each particular case. *In re Aloisi,* 261 B.R. 504, 508 (Bankr. M.D.Fla.2001); *In re Wilson,* 116 F.3d 87, 90 (3d Cir.1997) The "decision to lift the stay is discretionary with the bankruptcy judge, and may be reversed only upon a showing of abuse of discretion." *In re Dixie Broad., Inc.,* 871 F.2d at 1026. The totality of the circumstances of a case encompasses, among other things, how the parties have conducted themselves, their good or bad faith, and their motives. Good faith is an intrinsic and integral component of the bankruptcy process. *In re Little Creek Dev. Co.,* 779 F.2d 1068, 1071 (5th Cir.1986); *In re Hurdle,* 11 B.R. 304, 306 (Bankr.E.D.Va.1981). A debtor who does not act in good faith is not entitled to continue to enjoy the benefits, such as the automatic stay, afforded by the Bankruptcy Code:

> Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for

the commencement, prosecution, and confirmation of bankruptcy proceedings. Such a standard furthers the balancing process between the interests of debtors and creditors which characterizes so many provisions of the bankruptcy laws and is necessary to legitimize the delay and costs imposed upon parties to a bankruptcy. Requirement of good faith prevents abuse of the bankruptcy process by debtors whose overriding motive is to delay creditors without benefiting them in any way or to achieve reprehensible purposes. Moreover, a good faith standard protects the jurisdictional integrity of the bankruptcy courts by rendering their most powerful equitable weapons (*i.e.*, avoidance of liens, discharge of debts, marshaling and turnover of assets) available only to those debtors and creditors with 'clean hands.'

*In re Little Creek Dev. Co.*, 779 F.2d at 1071–72 (citations omitted). Bankruptcy Courts have the *"inherent* right to require good faith or clean hands." *In re Hurdle*, 11 B.R. at 306 (citation omitted). Both prepetition and postpetition conduct is relevant to a totality of the circumstances analysis. *In re Trident Assoc. Ltd. P'ship*, 52 F.3d 127, 131 (6th Cir.1995); *In re Causey*, Case No. 06–61237–JB, 2006 Bankr.LEXIS 1137, at \*9–10 (Bankr. N.D.Ga.2006). Other equitable considerations, such as balancing prejudice to the debtor against hardship to the moving party, and judicial economy considerations (location of witnesses, documents, necessary parties) are relevant in determining whether to lift the stay. *In re Aloisi*, 261 B.R. at 508.

Cause exists to grant the Movants relief from the stay pursuant to 11 U.S.C.

§ 362(d)(1) based upon the totality of the facts and circumstances of this case: (i) Allowing the Kentucky Litigation to proceed against the Debtor in the District Court is the best and most efficient use of judicial resources. The Kentucky Litigation had been underway for several years before the Debtor filed for bankruptcy. Most of the parties, witnesses, and documents are located in Kentucky. The Kentucky Litigation involves complex federal and state legal issues with numerous parties. Judge Hood has presided over the Kentucky Litigation for several years and is in the best position to adjudicate the case. (ii) A balancing of the hardships weighs heavily in the Movants' favor. Making the Movants litigate their claims here would work a tremendous hardship on the Movants that far outweighs any prejudice the Debtor may suffer by having the litigation proceed in Kentucky. (iii) Allowing the Kentucky Litigation to proceed in Kentucky will not prejudice the bankruptcy estate. (iv) Equity compels granting relief from the stay. The Debtor's conduct in the Kentucky Litigation was so egregious the District Court struck his answer, froze his assets, and entered a default against him.[4] He had unclean hands in the Kentucky Litigation and filed this bankruptcy case with unclean hands with the purpose to further thwart the Kentucky Litigation. The Debtor, due to his lack of good faith and unclean hands, is not entitled to the benefits of the automatic stay as to the Kentucky Litigation.

Allowing the Kentucky Litigation to proceed in Kentucky is further supported by 28 U.S.C. § 1334(c)(1). This statutory provision allows for discretionary abstention by a court from hearing a particular

---

4. The Order is a non-appealable final order of the District Court. This Court has no jurisdiction to modify, strike, or review the Order. Should the Debtor believe the District Court's Order is in error or subject to challenge, the District Court is the proper forum for raising those issues.

proceeding related to a bankruptcy case. While this Court has jurisdiction to adjudicate the Movants' claims against the Debtor (which are related to the bankruptcy case), the interests of justice will be best served by the abstention of this Court from hearing the claims and allowing such claims to be litigated in the District Court.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that Grange's and Allstate's Motions for relief from stay are hereby **GRANTED** and the automatic stay of 11 U.S.C. § 362(a) is lifted pursuant to 11 U.S.C. § 362(d)(1) for purposes of adjudicating Grange's and Allstate's claims against the Debtor in the Kentucky Litigation pending in the District Court; and it is further

**ORDERED, ADJUDGED and DECREED** that the Court, pursuant to 28 U.S.C. § 1334(c)(1) hereby abstains from hearing Grange's and Allstate's claims against the Debtor and such claims shall be adjudicated by the District Court.