HLD-003                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1780
_____

In re:  JAMES A. WILSON,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 1-13-cv-01763)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 24, 2020
Before:  SMITH, <u>Chief</u> <u>Judge</u>, CHAGARES and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 3, 2020)
_____

OPINION[*]
_____

PER CURIAM

James A. Wilson petitions for a writ of mandamus, asking us to order a United

States Bankruptcy Judge to lift the automatic bankruptcy stay in a particular case.  We

will deny the petition for a writ of mandamus.

Wilson, a state prisoner, has an excessive force lawsuit pending in the United

States District Court for the District of Delaware, against Probation Officer Rick Porter.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

After the District Court scheduled a trial, Porter informed that Court that he had filed a personal bankruptcy petition the year before. Dkt. #81. Porter's notice to the District Court occurred in January 2019, see Dkt. #53, months after his bankruptcy plan had been confirmed (May 2018).

The District Court imposed a stay of proceedings because of the automatic stay mandated by the Bankruptcy Code, 11 U.S.C. § 362. Dkt. #95. Wilson asked the District Court to reconsider, Dkt. #98, but it denied his request, Dkt. #99. The District Court informed Wilson that any request for lifting the stay should be addressed to the United States Bankruptcy Court for the District of Delaware. Id.

In April 2019, Wilson then filed a motion for relief from the stay in the Bankruptcy Court, Bankr. D. Del. No. 18-10669 ("Bankr. Dkt."), Bankr. Dkt. #33, which was denied in July 2019, Bankr. Dkt. #49. Wilson did not appeal that denial. The Bankruptcy Court's docket reflects that Wilson sent that court a letter in December 2019, asking again that it lift the stay. Bankr. Dkt. #54. The docket does not reflect that any action has been taken on the letter.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A writ should not issue unless the petitioner has "no other adequate means to attain the relief" sought and he has shown that his right to the writ is "clear and indisputable." Id. at 378-79 (quoting Cheney v. United States, 542 U.S. 367, 380-81

2

(2004)).  Further, a mandamus action is not a substitute for an appeal.  <u>Madden v. Myers</u>, 102 F.3d 74, 77 (3d Cir. 1996).

Wilson does not meet these requirements.  Wilson has not demonstrated that he has "no other adequate means to attain . . . relief."  <u>See</u> <u>In re Diet Drugs Prods. Liab. Litig.</u> at 378-79.  Indeed, he has demonstrated that he is aware that he can move the Bankruptcy Court to lift the automatic stay.  But when the Bankruptcy Court denied his motion, Wilson did not appeal that decision.  <u>See</u> <u>United States v. Pelullo</u>, 178 F.3d 196, 200 (3d Cir. 1999) ("Although the stay of a civil action generally is interlocutory and not appealable, in bankruptcy cases, lifting the automatic stay and a denial of relief from the stay are appealable."); <u>see also</u> <u>Madden</u>, 102 F.3d at 77 (noting that a mandamus action is not a substitute for an appeal).

Mandamus relief may be warranted when a court's "undue delay is tantamount to a failure to exercise jurisdiction," <u>Madden</u>, 102 F.3d at 79.  We thus have considered whether Wilson is asking us to direct the Bankruptcy Court to rule on his December 2019 letter asking again that it lift the stay.  Bankr. Dkt. #54.  We conclude that the time that the request has been pending on the docket gives us some pause.  But because the letter was not in the form of a motion, <u>see</u> Fed. R. Bankr. P. 9014, the Bankruptcy Court may have overlooked Wilson's request.  <u>See also</u> <u>In re Fine Paper Antitrust Litig.</u>, 685 F.2d 810, 817 (3d Cir. 1982) (explaining that a court has discretion in managing the cases on its docket).  We are confident that the Bankruptcy Court will address Wilson's filing

promptly, particularly if Wilson brings it to the Court's attention again; we express no opinion regarding the filing's merit or propriety.

For all of these reasons, we will deny the petition for a writ of mandamus.[1]

---

[1] Our denial is without prejudice to Wilson renewing in the Bankruptcy Court his motion for relief from the stay, see In re Wilson, 116 F.3d 87, 90 (3d Cir. 1997), or filing a complaint in the Bankruptcy Court seeking a declaration of non-dischargeability of his potential claim against Porter, see 11 U.S.C. §§ 523(a)(3)(B), 523(a)(6); see also 11 U.S.C. § 1328(h). We express no opinion regarding the merit or propriety of these potential filings.