**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1531
_____

In re:  ELLEN HEINE,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-20-cv-10268)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 12, 2022

Before:  McKEE, SHWARTZ and MATEY, Circuit Judges

(Opinion filed:  March 24, 2022)
_____

OPINION*
_____

PER CURIAM

The Bankruptcy Court granted JPMorgan Chase Bank's request for relief against

an automatic stay to permit it to continue to litigate an ongoing foreclosure action in state

court and then denied debtor Ellen Heine's request for reconsideration.  Heine appealed

to the District Court, which dismissed her appeal because she failed to provide transcripts

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

of the Bankruptcy Court proceedings and then denied her request for reconsideration. Heine appeals pro se. We will affirm, albeit on different grounds.

Both the foreclosure action and the part of the bankruptcy case at issue here concern property located at 515 Van Bussum Avenue, Garfield, New Jersey. That property was previously owned by Edwin Gilbert, and in 2005, he obtained a home equity line of credit from JP Morgan Chase, secured by a mortgage on the property. In 2007, Gilbert executed a deed transferring the property to himself and Heine as joint tenants with a right of survivorship, and he then died in 2011.

In 2018, JPMorgan Chase filed a foreclosure complaint in New Jersey state court, alleging that payments on the loan had not been made. Rather than answering, Heine removed the action to the District Court, which remanded back to state court. See D.N.J. Civ. A. No. 2:18-cv-15080. When Heine still did not respond, the state court granted default. Heine then filed a variety of motions attempting to set aside that order; the state court denied each motion, repeatedly ruled that Heine was not entitled to assume the loan from Gilbert, and concluded that she had no valid defense against foreclosure. See Bankr. Ct. ECF No. 41-7 at 6, 17.

In November 2019, after the state court had rejected Heine's defenses but before it had entered a final judgment, she filed a Chapter 13 bankruptcy action. JPMorgan Chase requested relief from the automatic stay to permit it to continue prosecuting the foreclosure action. The Bankruptcy Court granted the motion, concluding that Heine was not entitled to assume the loan, that the property was in a state of significant and dangerous disrepair, and "all these issues have been extensively litigated and relitigated

2

in state court and you don't get to relitigate them here," Bankr. Ct. ECF No. 204 at 43.

Heine then filed a motion for reconsideration, providing a copy of a 2011 New Jersey

state court order that directed Heine to assume with the mortgage within 90 days and

remove Gilbert's obligation, and stated that if she did not do so within 90 days, the

property was to be sold and the mortgage satisfied. See ECF No. 8-1 at 10. The

Bankruptcy Court concluded that this did not justify reconsideration. The Court noted

that there was no evidence that Heine had actually assumed the mortgage,[1] that extensive

litigation had already occurred in the foreclosure court, and that the foreclosure court had

rejected her arguments concerning assumption. See Bankr. Ct. ECF No. 193 at 37.

Heine appealed to the District Court.[2] The Court observed that Rule 8009 of the

Federal Rules of Bankruptcy Procedure required Heine to "order in writing from the

reporter. . . a transcript of such parts of the proceedings not already on file as the

appellant considers necessary for the appeal." Rule 8009(b)(1)(A). Because Heine did

not provide the Court with copies of the transcripts of the proceedings in which the

Bankruptcy Court granted relief from the automatic stay and denied reconsideration, the

Court dismissed Heine's appeal. Heine then filed a motion for reconsideration and

---

[1] While it appears that Heine did not alert the Bankruptcy Court of this fact, a subsequent opinion states that she "failed to pay Dr. Gilbert's obligation and discharge the mortgage within the time prescribed, and the court thereafter entered orders compelling the sale of the property so that the debt could be paid and the mortgage discharged." Gilbert v. Heine, No. A-0145-14T4, 2017 WL 370904, at *4 (N.J. Super. Ct. App. Div. Jan. 25, 2017).

[2] Heine also appealed orders concerning other parties to the District Court, but has stressed in her brief to this Court that "only the JPMorgan Chase Bank, NA issues are appealed here," Br. at 3, so we will limit our discussion to those matters.

3

provided the transcripts, but the Court denied the motion on the ground that Heine could have filed those transcripts before it issued its order. Heine appealed.

We have jurisdiction under 28 U.S.C. § 158(d)(1). We review the District Court's dismissal order for abuse of discretion. See Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008). We likewise review for abuse of discretion both the Bankruptcy Court's decision to grant relief from the automatic stay, see In re Myers, 491 F.3d 120, 128 (3d Cir. 2007), and its denial of reconsideration, see In re Energy Future Holdings Corp., 904 F.3d 298, 312 (3d Cir. 2018). We may affirm on any ground apparent on the record. See Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 469 (3d Cir. 2015).

While we will ultimately affirm the District Court's judgment, we disagree with its decision to dismiss the appeal due to Heine's failure to file transcripts. In discussing Fed. R. App. P. 10(b), which is materially indistinguishable from Fed. R. Bankr. P. 8009(b), we have stressed that failure to provide transcripts alone does not usually justify dismissal. See Roberts v. Ferman, 826 F.3d 117, 122 (3d Cir. 2016). Instead, the Court should consider a "a host of factors, including 'whether the defaulting party's action is willful or merely inadvertent, whether a lesser sanction can bring about compliance and the degree of prejudice the opposing party has suffered because of the default.'" Id. (quoting Lehman Bros. Holdings v. Gateway Funding Diversified Mortg. Servs., L.P., 785 F.3d 96, 101 (3d Cir. 2015)). The District Court did not address these factors, or any others, and the fact that Heine filed the transcripts upon being alerted to the deficiency certainly suggests that the error was inadvertent and that a lesser sanction would have brought about compliance. Thus, we conclude that the District Court erred in this

4

respect.  See In re Harris, 464 F.3d 263, 272–73 (2d Cir. 2006) (Sotomayor, J.) (concluding, in case where party did not provide transcripts, that "dismissing the appeal without determining whether a lesser sanction would have been appropriate or giving Harris notice or an opportunity to respond was an abuse of discretion"); cf. Hamer v. LivaNova Deutschland GmbH, 994 F.3d 173, 180 n.25 (3d Cir. 2021) (ruling that District Court abused its discretion by dismissing case without first considering Poulis factors).

Nevertheless, we will affirm because the Bankruptcy Court did not abuse its discretion in granting relief from the automatic stay and then denying reconsideration.[3] The Bankruptcy Court may grant relief from the automatic stay "for cause."  11 U.S.C. § 362(d)(1).  "Section 362(d)(1) does not define 'cause,' leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case."  In re Wilson, 116 F.3d 87, 90 (3d Cir. 1997).  We accord "wide latitude . . . to the Bankruptcy Court to balance the equities when granting relief from the automatic stay."  In re Myers, 491 F.3d at 130.

The Bankruptcy Court acted within its discretion here.  First, as the Court explained, there had already been extensive proceedings in the foreclosure action by the

---

[3] JPMorgan Chase argues that, because Heine's notice of appeal to the District Court identified only the motion for reconsideration and not the underlying order granting relief from the automatic stay, she properly challenged only the former order.  However, we have permitted a notice of appeal naming an order denying a motion for reconsideration to bring up the unnamed underlying order, see, e.g., Wiest v. Lynch, 710 F.3d 121, 127– 28 (3d Cir. 2013), and given the connection between the orders and Heine's intent to challenge both, we will do the same here, see generally 10 Collier on Bankruptcy ¶ 8003.06 (16th ed. 2021) (stating that cases applying the relevant rule of appellate procedure are instructive in the bankruptcy context because the rules are nearly identical).

time that Heine filed her bankruptcy petition. See generally In re Wilson, 116 F.3d at 91; In re Kemble, 776 F.2d 802, 807 (9th Cir. 1985). Indeed, that court had already resolved some of the key issues—including whether Heine was entitled to assume the mortgage—adversely to Heine, and collateral estoppel would have barred the Bankruptcy Court from revisiting those issues. See In re Wilson, 116 F.3d at 90; see also In re Brown, 951 F.2d 564, 569 (3d Cir. 1991) (explaining that "the doctrine of collateral estoppel applies whenever an action is sufficiently firm to be accorded conclusive effect"). Further, as the Bankruptcy Court explained, JPMorgan Chase presented unrebutted evidence that the property was in a dangerous state of disrepair, which further justified the Court's order allowing JPMorgan Chase to take steps to protect its interests. Thus, especially given the "wide latitude" we afford the Bankruptcy Court, we will affirm its grant of relief against the automatic stay.

Likewise, the Bankruptcy Court did not err by denying reconsideration. We see no reason why Heine could not have provided the court order she submitted at an earlier stage of the case. See generally In re Energy Future Holdings Corp., 904 F.3d at 311. Further, given that Heine undisputedly did not comply with that order's terms many years ago, we have no quarrel with the Bankruptcy Court's determination that the foreclosure court was entitled to—and did—determine Heine's rights with respect to the mortgage. Finally, the existence of this order does not undermine the Bankruptcy Court's conclusions that relief from the automatic stay was warranted because of the extensive foreclosure proceedings and the condition of the property.

Accordingly, we will affirm the District Court's judgment.

6