**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 23-2615

———————

IN RE:  CHARLES ARCHIE HOLMES,

Appellant

———————————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-01640)
District Judge:  Honorable Gerald A. McHugh

———————————————————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 25, 2024

Before: KRAUSE, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: January 26, 2024)

———————

OPINION[*]

———————

PER CURIAM

Charles Archie Holmes appeals pro se from the District Court's decision affirming

the order of the United States Bankruptcy Court for the Eastern District of Pennsylvania

denying his amended motion to reconsider the Bankruptcy Court's earlier order granting

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Vinh Ly relief from 11 U.S.C. § 362(a)'s automatic stay. For the reasons that follow, we will affirm the District Court's judgment.

I.

Holmes is an occupant of the property located at 1031 Christian Street in Philadelphia ("1031 Christian"), and he claims to have long held an ownership interest in that property. In 2018, he filed a Chapter 13 petition in the Bankruptcy Court. Ly later purchased 1031 Christian from a third-party via a private auction and moved the Bankruptcy Court for relief from § 362(a)'s automatic stay so that he could proceed with an ejectment action that he had filed in the Philadelphia County Court of Common Pleas ("the CCP") against Holmes and the other occupants of 1031 Christian.[1] In August 2022, the Bankruptcy Court, after holding a hearing, granted Ly's motion. Later that year, the District Court affirmed that decision. Holmes did not seek our review of that affirmance.

In February 2023, Holmes moved the Bankruptcy Court to reconsider its August 2022 decision. Shortly thereafter, he amended that motion. He called into question Ly's ownership rights of 1031 Christian, claimed that Ly had not properly served all the defendants in the ejectment action, and reported that, in February 2023, he (Holmes) and his wife had obtained a default judgment in the CCP against Ly in a quiet-title action concerning 1031 Christian. But in March 2023, Ly petitioned the CCP to open that

---

[1] The filing of a bankruptcy petition automatically stays, inter alia, "any act to obtain possession of property of the estate." 11 U.S.C. § 362(a)(3). The bankruptcy court may grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1). "Section 362(d)(1) does not define 'cause,' leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case." In re Wilson, 116 F.3d 87, 90 (3d Cir. 1997).

default judgment based on a claim of insufficient or fraudulent service of process. And in early April 2023, the CCP stayed "any further proceedings related to the default judgment" pending the resolution of Ly's petition. It appears that petition remains pending, and that the CCP has consolidated the quiet-title and ejectment actions.

On April 18, 2023, the Bankruptcy Court, after holding a hearing, denied Holmes's amended motion to reconsider. The Bankruptcy Court indicated that it was leaving in place its grant of relief from the automatic stay so that the parties "can go back to state court and make all the arguments about fraud or lack of service . . . . And you can make it to that court, get them to make a determination, and have them send it back here, and we will continue the matter in that manner." (Tr. of Apr. 18, 2023 Hr'g, at 8.) Holmes timely appealed that decision to the District Court. On August 7, 2023, the District Court affirmed, agreeing with the Bankruptcy Court that "given the many disputes of fact between the parties, the best course is to allow the state court actions to proceed without interference from an automatic stay." (Dist. Ct. Mem. entered Aug. 7, 2023, at 4.) Holmes then timely filed the appeal that is now before us.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 158(d)(1) and 1291. "Because the District Court sat [here] as an appellate court, [we] conduct[] the same review of the Bankruptcy Court's order as did the District Court." In re Odyssey Contracting Corp., 944 F.3d 483, 487 n.2 (3d Cir. 2019) (citation to quoted case omitted). Accordingly, like the District Court did, we review the Bankruptcy Court's order denying

3

reconsideration for abuse of discretion.  See In re Energy Future Holdings Corp., 904

F.3d 298, 312 (3d Cir. 2018).[2]

We see no abuse of discretion here.  There are questions regarding the parties'

respective rights as to 1031 Christian, and those questions have been presented to, and are

pending before, the CCP.  We agree with the Bankruptcy Court and the District Court

that the best course is to allow those state-court proceedings to move forward.  As the

District Court aptly stated:

> If the state court finds that Ly cannot reopen the [quiet-title]
> case and the default judgment remains in place, Ly will have
> no title and relief from the stay will cause no harm, as Ly will
> not be able to succeed in his ejectment action anyways.  In the
> alternative, if the state court reopens the judgment and
> decides that Ly does have title, . . . such a position would
> entitle Ly to relief from the stay so that he may protect his
> interests.  In either scenario, lifting the stay appropriately
> allows the state court process to unfold.

(Dist. Ct. Mem. entered Aug. 7, 2023, at 4-5.)

In view of the above, we will affirm the District Court's August 7, 2023 judgment.

---

[2] Although the Bankruptcy Court's August 2022 order granting Ly's motion for relief
from the automatic stay is relevant to our review of the Bankruptcy Court's April 2023
order denying Holmes's amended motion to reconsider, the August 2022 order itself is
not directly before us.  Holmes could have appealed from the District Court's affirmance
of the August 2022 order, but he chose not to do so.